# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, TELLITOCCI, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JAMES C. KEYS**
**United States Army, Appellant**

ARMY 20140140

Headquarters, Joint Readiness Training Center and Fort Polk
Gregory A. Gross, Military Judge
Colonel Samuel A. Schubert, Staff Judge Advocate

For Appellant: Major M. Patrick Gordon, JA; Captain Amanda R. McNeil, JA (on brief).

For Appellee:  Lieutenant Colonel James L. Varley, JA (on brief).

26 September 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of attempting to wrongfully distribute 10 pills of oxycodone (a Schedule II controlled substance); one specification of wrongfully distributing 45 pills of codeine (a Schedule III controlled substance); one specification of wrongfully distributing 59 pills of oxycodone and one pill of hydrocodone (a Schedule III controlled substance); and one specification of wrongfully possessing 10 grams of XLR11 (a Schedule I controlled substance) and wrongfully possessing 10 pills of oxycodone, in violation of Article 80 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 912a (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for eight months, forfeiture of all pay and allowances and reduction to the grade of E-1. The convening authority approved the adjudged sentence.  This case is before this court for review under Article 66, UCMJ.

Appellant submitted this case on its merits but personally raised matters pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982).  We have

reviewed these matters and do not find they merit discussion or relief. However, we have separately identified an issue regarding the unreasonable multiplication of charges that merits discussion and relief.

## LAW AND DISCUSSION

Appellant was separately charged with, and now stands convicted of, wrongfully possessing 10 oxycodone pills and attempting to wrongfully distribute, on the same date and location, the exact same 10 oxycodone pills.[1]

Pursuant to Rule for Courts-Martial 307(c)(4), "[w]hat is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." Our superior court, in *United States v. Quiroz*, 55 M.J. 334 (C.A.A.F. 2001), listed five factors to help guide our analysis of whether charges have been unreasonably multiplied:

(1) Did the accused object at trial that there was an unreasonable multiplication of charges and/or specifications?;

(2) Is each charge and specification aimed at distinctly separate criminal acts?;

(3) Does the number of charges and specifications misrepresent or exaggerate the appellant's criminality?;

(4) Does the number of charges and specifications [unreasonably] increase [the] appellant's punitive exposure?;

(5) Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?

*Id*. at 338 (internal citation omitted).

In regards to the first *Quiroz* factor, appellant did not raise this issue at trial, and therefore we find this factor does not favor appellant. Failure to raise this issue, however, is not dispositive. *United States v. Gilchrist*, 61 M.J. 785, 789 (Army Ct. Crim. App. 2005). We also do not find in appellant's favor in regards to the fourth

---

[1] We note that although the singular crime of possession with intent to distribute was a potential charge, the government instead opted to split appellant's misconduct into the two crimes of wrongful possession of a drug and the attempted distribution of that same drug.

*Quiroz* factor, because the government, in the specification alleging wrongful possession of oxycodone, also charged appellant with wrongfully possessing XLR11. This possession of XLR11 could have been charged separately; doing so would have increased appellant's punitive exposure.

In regards to the remaining *Quiroz* factors, however, we find in favor of appellant. Appellant's possession of 10 oxycodone pills on 11 July 2013 was merely incidental to his attempted distribution of that drug. We therefore hold that the portion of Specification 3 of Charge II that covers appellant's wrongful possession of oxycodone was not aimed at a distinctly separate criminal act from the attempted distribution of the 10 oxycodone pills captured in the specification of Charge I. The inclusion of this language in Specification 3, Charge II misrepresents or exaggerates the appellant's criminality and indicates prosecutorial overreaching. We will take appropriate action in our decretal paragraph.

**CONCLUSION**

We AFFIRM only so much of Specification 3 of Charge II as provides:

> In that [appellant], U.S. Army, did, at or near Fort Polk, Louisiana, on or about 11 July 2013, wrongfully possess approximately 10 grams of XLR11, a Schedule I controlled substance.

We AFFIRM the remaining findings of guilty.

We are able to reassess the sentence on the basis of the error noted, and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

In evaluating the *Winckelmann* factors, we first find no dramatic change in the penalty landscape or appellant's punitive exposure which might cause us pause in reassessing appellant's sentence. Second, appellant pleaded guilty in a judge-alone court-martial. Third, we find the nature of the remaining offenses still captures the gravamen of the original offenses, and the circumstances surrounding appellant's conduct giving rise to the amended offense remain admissible and relevant to the remaining offenses. Finally, based on our experience, we are familiar with the remaining offenses so that we may reliably determine what sentence would have been imposed at trial.

Reassessing the sentence based on the error noted, the amended findings of guilty, the entire record and the matters personally raised by appellant pursuant to *Grostefon*, we AFFIRM the sentence as approved by the convening authority. We

find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by our decision are ordered restored. See UCMJ arts. 58b(c) and 75(a).

FOR THE COURT:

ANTHONY O. POTTINGER
Chief Deputy Clerk of Court